IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEAN NAAR, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-19-3672 |
| NORFOLK SOUTHERN CORP., | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM ORDER

On May 20, 2020, this Court entered its Order dismissing Plaintiff's Complaint for failure to respond to this Court's Show Cause Order and dismissed this case. (ECF No. 4.) Now pending is Plaintiff Jean Naar's ("Plaintiff" or "Naar") Motion for Relief from Order Directing Dismissal. (ECF No. 7.) Defendant did not file a response because Defendant was never properly served. The submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Naar's Motion for Relief from Order Directing Dismissal (ECF No. 7) is DENIED.

On December 30, 2019, Plaintiff Naar filed this employment discrimination suit against Defendant Norfolk Southern Corp. ("Defendant"). (Compl., ECF No. 1.) On May 6, 2020, this Court entered an Order pursuant to Local Rule 103.8(a), ordering Plaintiff to show cause why this case should not be dismissed for Plaintiff's failure to prosecute against the Defendant in this case, as there had been no activity in the case for over 90 days. (ECF No. 3.) Plaintiff was given fourteen days to respond to the Show Cause Order. (*Id.*) With no response filed

by Plaintiff, this Court dismissed Plaintiff's Complaint without prejudice on May 20, 2020. (ECF No. 4.)

On May 22, 2020, Plaintiff filed the presently pending Motion for Relief from Order Directing Dismissal, wherein Plaintiff provides an explanation for his failure to serve the Complaint and Summons on Defendant and seeks reconsideration of this Court's Order. (ECF No. 7.) Although Naar does not cite under which Federal Rule of Civil Procedure he seeks reconsideration, Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment, while Rule 60 provides for relief from judgment. *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011). As this Court explained in *Cross v. Fleet Reserve Ass'n Pension Plan*, WDQ-05-0001, 2010 WL 3609530, at *2 (D. Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59(e) & 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

(footnote omitted).  Naar filed his motion within 28 days of this Court's Order dismissing this case. Accordingly, Rule 59(e) governs this Court's analysis. *See, e.g.*, *Knott v. Wedgwood*, DKC-13-2486, 2014 WL 4660811, at *2 (D. Md. Sept. 11, 2014) ("Although Plaintiff purports to bring his motion for reconsideration under Rule 60(b)(1), because it was filed within twenty-eight days of entry of the underlying order, it is properly analyzed under Rule 59(e).")

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not

available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g.*, *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008); *see also Fleming v. Maryland National Capital Park & Panning Commission*, DKC-11-2769, 2012 WL 12877387, at *1 (D. Md. Mar. 8, 2012). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *see also Kelly v. Simpson*, RDB-16-4067, 2017 WL 4065820, at *1 (D. Md. Jan. 26, 2017). Moreover, "[t]he district court has considerable discretion in deciding whether to modify or amend a judgment." *Fleming*, 2012 WL 12877387, at *1.

Plaintiff has not met the high bar he faces to succeed on his Motion to Reconsider. There has been no intervening change in controlling law since this Court's Order of May 20, 2020; no new evidence has come to light; and no clear error of law or manifest injustice has been identified in this Court's Order. This Court dismissed this case without prejudice under Local Rule 103.8(a) because Plaintiff had failed to effect service of process within 90 days of filing his Complaint. (ECF No. 4.) While Plaintiff now presents various reasons for this failure, Rule 59(e) does not permit a party to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment," *Pacific Ins. Co.*, 148 F.3d at 403. Since this Court's dismissal was without prejudice, Plaintiff is free to refile his suit and effect service of process as required by the Federal Rules of Civil Procedure and the Local Rules of this Court.

For the foregoing reasons, it is this 22nd day of February, 2021, HEREBY ORDERED that:

1. Plaintiff's Motion for Relief from Order Directing Dismissal (ECF No. 7) is DENIED; and

2. The Clerk of the Court transmit copies of this Memorandum Order to counsel of record.

_____/s/_____
Richard D. Bennett
United States District Judge